UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| ALEX POWELL and CODY POWELL | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: 5:18-cv-1097 |
| TEXAS INDUSTRIAL INSTALLATIONS, INC. | § § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiffs, ALEX POWELL and CODY POWELL, file this Complaint and Jury Demand against Defendant TEXAS INDUSTRIAL INSTALLATIONS, INC. alleging willful violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).  For cause of action, Plaintiffs would show the Court as follows:

## I.
## PARTIES

1.     Plaintiffs ALEX POWELL and CODY POWELL are a residents of Comal County, Texas.

2.     Defendant TEXAS INDUSTRIAL INSTALLATIONS, INC is an entity which may be served with process through its registered agent, Jane Chappell , at the following address: 2260 Rebecca Creek Road, New Braunfels, TX 78133-5965.

3.     Defendant TEXAS INDUSTRIAL INSTALLATIONS, INC, was, at all times relevant to this case, Plaintiffs' employer.

## II.
## JURISDICTION & VENUE

4.      Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b).  At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business.  Defendant has over $500,000 in gross receipts annually.  Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including Defendant's failure to pay wages, occurred in this Division and District.  Further, Plaintiffs are residents of this District and Division.

### COVERAGE UNDER THE FLSA

5.      At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

6.      At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.      At all times hereinafter mentioned: (a) Defendant has  been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Such handling includes, but is not limited to, equipment and supplies made in states other than Texas.

9.      At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).  Plaintiffs' handling of goods or materials that have been moved in or produced for commerce included, but was not limited to, handling rental items that were made in states other than Texas.

### III.
### STATEMENT OF FACTS

10.     Plaintiff, Alex Powell, was hired by Defendant in March 2018, as a lead man. Mr. Powell remained employed by Defendants until August 16, 2018. He was paid hourly.

11.     Plaintiff, Cody Powell, was hired by Defendant in June 2018, as a helper.  Mr. Powell remained employed by Defendants until August 16, 2018. He was paid hourly.

12.     During one or more weeks of Plaintiffs' employment with Defendant, Plaintiffs worked in excess of 40 hours per week (overtime hours).

13.     During one or more weeks of Plaintiffs' employment, Defendant failed to pay Plaintiffs one and one-half times their regular rate of pay for each overtime hour worked.

**IV.**
**CAUSE OF ACTION**
**Non-payment of Overtime Wages in Violation of the FLSA**

14.     The acts described above violate the overtime provisions of the Fair Labor Standards Act, which requires employers to compensate their employees for each hour of time spent working on behalf of the employer, and to pay their employees at time and one-half their regular hourly rates for each overtime hour worked.  Defendant committed these violations willfully.

**V.**
**DAMAGES**

15.     As a result of Defendant's unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including compensation for the overtime hours per week for which Defendant refused to pay Plaintiffs, but during which Plaintiffs performed work for Defendant.

16.     Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid compensation and an additional equal amount as liquidated damages. Therefore, Plaintiffs seek an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

17.     Plaintiffs also seek compensation for the out of pocket expenses and costs of court they will have incurred in this action, as well as reasonable and necessary attorneys fees.  See 29 U.S.C. § 216(b).

**VI.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

       a.     The Court assume jurisdiction of this cause and that Defendant be cited to appear;

       b.     The Court award damages to Plaintiffs as specified above;

       c.     The Court award reasonable and necessary attorney's fees, expert fees, and costs; and

       d.     The Court award pre- and post-judgment interest at the highest rates allowed by law.

Plaintiffs further pray for all such other relief as the Court may find proper, at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
State Bar No. 24060888
kell@kellsimonlaw.com

ATTORNEY FOR PLAINTIFF